## FRED HEITMAN v. L. S. KLUBERTANZ.[1]

March 24, 1933.

No. 29,341.

*Sexton, Mordaunt, Kennedy & Carroll, Webber, George & Owen,* and *Harris J. Nuernberg,* for appellant.

*Brown, Somsen & Sawyer,* for respondent.

PER CURIAM.

The action is one to recover damages for personal injury to plaintiff caused by his being struck by defendant's automobile. There was a verdict in plaintiff's favor for $3,500, upon which judgment was entered, and defendant appeals from the judgment. The only

[1] Reported in 247 N. W. 583.

question argued and presented for review is whether the verdict is so excessive as to require a new trial or a reduction.

At the time he was injured plaintiff was 79 years old. He was blind in one eye, otherwise in fairly good health. For some time, except during a short illness, he had been doing chores on a farm, for which he received his board and lodging. His life expectancy was some four years and nine months. The injury consisted of a fracture of the thigh bone of one leg near the hip. He was confined to a hospital for 12 weeks. There was necessarily considerable pain. He was delirious part of the time during the first several weeks. There resulted a shortening of the leg about three-fourths of an inch. Up to the time of the trial, over five months after the accident, he was unable to walk without a crutch. The opinion of the doctor was that further improvement would be very slow, that after some time plaintiff might be able to use a cane in place of the crutch. Plaintiff's hospital and medical expense was $374.80.

An examination of such cases as Johnson v. St. Paul City Ry. Co. 67 Minn. 260, 69 N. W. 900, 36 L. R. A. 586; Denchfield v. M. St. P. & S. S. M. Ry. Co. 114 Minn. 58, 130 N. W. 551; and Walker v. Duluth St. Ry. Co. 114 Minn. 238, 130 N. W. 1026, tends to sustain the amount of the present verdict. The Walker case especially is very much in point. The verdict is not so excessive as to call for either a new trial or a reduction.

Judgment affirmed.